**IT IS ORDERED**

**Date Entered on Docket: March 10, 2021**



_____
**The Honorable David T. Thuma
United States Bankruptcy Judge**

---

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEW MEXICO

IN RE:

**Raymond G. Romero aka Ray Romero
aka Raymond Romero aka Raymond Gilbert Romero
fdba Around the Clock Sewer & Drain**

     **Debtor**                        **Case No. 19-10766-TA13**

### DEFAULT ORDER GRANTING RELIEF FROM STAY AND ABANDONMENT OF PROPERTY LOCATED AT 600 Headingly Avenue N.W., Albuquerque, NM 87107 WITH RELIEF AS TO CO-DEBTORS GEORGE ROMERO & MIQUELA ROMERO

This matter came before the Court on the Motion for Relief from Stay, Co-Debtor Stay, and Abandonment of Property filed on 2/8/2021, Docket No. 45, (the "Motion") by Guild Mortgage Company LLC ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

    (a)    On 2/8/2021, Movant served the Motion and notice of the Motion (the "Notice") on counsel of record for Debtor, Raymond G. Romero, and the case trustee,

Tiffany M. Cornejo, (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor, Co-Debtors, and US Trustee by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b) The Motion relates to the following property:

600 Headingly Avenue N.W.
Albuquerque, NM 87107

(c) The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

(d) The Notice was sufficient in form and content;

(e) The objection deadline expired on 3/4/2021.

(f) As of 3/5/2021, no objections to the Motion have been filed;

(g) The Motion is well taken and should be granted as provided herein; and

(h) By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies under penalty of perjury that on 3/5/2021, McCarthy & Holthus, LLP searched the data banks of the Department of Defense Manpower Data Center ("DMDC") and found that the DMDC does not possess any information indicating that the Debtor or the Co-Debtors are currently on active military duty of the United States.

**IT IS THEREFORE ORDERED:**

1. Pursuant to 11 U.S.C. §362(d), Movant and any and all holders of liens against the Property, of any lien priority, are hereby granted relief from the automatic stay:

(a) To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security

agreements, and/or other agreements to which Debtor is a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor or the Property, or both, in any court of competent jurisdiction; and

    (b)    To exercise any other right or remedy available to them under law or equity with respect to the Property.

    2.    The Property is hereby abandoned pursuant to 11 U.S.C. §554 and is no longer property of the estate. Creditor shall not be required to name the Trustee as a defendant in any action involving the Property or otherwise give the Trustee further notice.

    3.    The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, although the Debtor can be named as a defendant in litigation to obtain an *in rem* judgment or to repossess the Property in accordance with applicable non-bankruptcy law, unless this matter is dismissed or Debtor otherwise does not receive a discharge of this debt.

    4.    This Order does not waive Movant's claim against the estate for any deficiency owed by the Debtor after any foreclosure sale or other disposition of the Property. Movant may file an amended proof of claim in this bankruptcy case within 30 days after a foreclosure sale of the Property, should it claim that Debtor owes any amount after the sale of the Property.

    5.    This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6. This Order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

7. Movant is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with the Debtor and to enter into a loan modification with the Debtor.

8. The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the Co-Debtors, George Romero and Miquela Romero, of the Note, Mortgage, and first Loan Modification, on the same terms and conditions as to the Debtor.

###END OF ORDER###

**RESPECTFULLY SUBMITTED BY:**

**/s/ Jason Bousliman**
**McCarthy & Holthus, LLP**
**Jason Bousliman, Esq.**
**Attorneys for Movant,**
**6501 Eagle Rock NE, Suite A-3**
**Albuquerque, NM 87113**
**(505) 219-4900**
**/s/ submitted electronically 3/5/2021**
**jbousliman@mccarthyholthus.com**


Copies to:

**DEBTOR**
Raymond G. Romero
2707 Washington NE
Albuquerque, NM 87110

**DEBTOR'S COUNSEL**
Mark Daniel John Regazzi
mark@regazzilaw.com

**CASE TRUSTEE**
Tiffany M. Cornejo
courtemail@ch13nm.com

**US TRUSTEE**
PO Box 608
Albuquerque, NM 87103-0608

**BORROWERS**
George Romero
600 Headingly Avenue N.W.
Albuquerque, NM 87107

Miquela Romero
600 Headingly Avenue N.W.
Albuquerque, NM 87107

**OTHER LIEN HOLDER**
Michelle Romero
5139 Corte Bonito NW
Albuquerque, NM 87105